MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence not disturbed.* A verdict will not be disturbed as against the manifest weight of evidence where the evidence is in sharp conflict and a verdict might have been rendered for a larger sum.

2. TRIAL, § 191*—*when motion to direct verdict properly denied.* A motion to direct a verdict is properly denied where the questions raised are merely those of fact.

3. APPEAL AND ERROR, § 1088*—*what brief must contain.* The Appellate Court will not go to the record to ascertain the facts as to misconduct of counsel for the purposes of reversal where the particular conduct complained of does not appear in appellant's brief.

4. APPEAL AND ERROR, § 1413*—*when verdict not disturbed.* When two juries, as well as two trial judges, have concluded that the plaintiff's claim is meritorious and there is no substantial or prejudicial error apparent in the record, the Appellate Court will not disturb the judgment appealed from.

---

Oscar Trybon, Defendant in Error, v. August W. Miller, Plaintiff in Error.

Gen. No. 20,528. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed on remittitur. Opinion filed March 9, 1916.

## Statement of the Case.

Action by Oscar Trybon, plaintiff, against August W. Miller, defendant, to recover for wages, overtime, and disbursements for car fare and telephone ex-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

penses. From a judgment for plaintiff for $359.50, defendant brings error.

Defendant hired plaintiff to work from April 4, 1913, to November 23, 1913, to solicit consents for granite paving.

In his amended statement of claim plaintiff claimed that he was entitled to receive as wages $80 for the month of April, $85 for each of the months of May, June, July, August, September and October and $65.40 for the month of November, or a total of $655.40; that he received from defendant from time to time during the months of April to September, inclusive, as wages, the total sum of $315, and that he also received from defendant on January 12, 1914, the sum of $50, leaving a balance due him of $290.40 for wages as distinguished from moneys due him for overtime and disbursements. The defendant, in his second amended affidavit of merits, admitted that plaintiff had earned as wages said total sum of $655.40, but claimed that from time to time up to and including January 12, 1914, he had paid plaintiff the total sum of $531, leaving only a balance due plaintiff for wages of $124.40.

On the question as to the allowance of plaintiff's claim for $69.10 for disbursements during the period of his employment for car fare and telephone expenses, defendant's evidence was to the effect that he at no time made any agreement with plaintiff to reimburse him for such expenses. While plaintiff testified that during the month of April, 1913, defendant gave him $2 for car fare and telephone expense, he also testified that he had no further conversation with defendant relative to such expenses and that at no time during his employment did he render any bill to defendant for such expenses. In testifying plaintiff read from his account or memorandum book containing items of wages, overtime and expenses.

HEBEL & HAFT, for plaintiff in error.

Trybon v. Miller, 198 Ill. App. 215.

No appearance for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 84*—*when evidence sufficient to sustain verdict.* Finding by trial court that defendant owed plaintiff $290.40 for wages, the evidence with regard thereto being conflicting, *held* not to be against the weight of the evidence.

2. MASTER AND SERVANT, § 84*—*when evidence insufficient to sustain finding that master promised to allow servant expenses.* Where plaintiff in action for wages claimed allowance of car fare and telephone expenses during his employment by defendant, and plaintiff testified that on one occasion defendant gave him $2 for such expenses but that he had had no further conversation with defendant relative to such disbursement and that during his employment, a period exceeding seven months, he never rendered any bill to defendant for such expenses and there was no express promise by defendant apparent in the record, to reimburse plaintiff therefor, or sufficient evidence from which such promise may be implied, *held* such expenses should not be allowed plaintiff.

3. MASTER AND SERVANT, § 82*—*when use of memorandum by witness not prejudicial error.* In an action by a servant against his master for wages alleged to be due, *held* that the act of the court in allowing plaintiff to read from an account or memorandum book which contained items of wages received by him from time to time was not prejudicial error in the light of plaintiff's evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.